UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRANCE NORMAN KENNEDY                         CIVIL ACTION

VERSUS                                                      NO. 16-2906

W.S. MCCAIN, ET AL.                                    SECTION "R" (1)


# **ORDER**

The Court has reviewed *de novo* plaintiff's complaint,[1] plaintiff's motion for a temporary restraining order and/or a preliminary injunction,[2] the applicable law, the Magistrate Judge's Report and Recommendation, and the plaintiff's objections to the Magistrate Judge's Report and Recommendation. The Magistrate Judge's recommended ruling is correct and there is no merit to plaintiff's objections. Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as its opinion herein.

Plaintiff has objections to the Magistrate Judge's Report and Recommendation on all five of his claims and on his motion for a temporary restraining order and/or preliminary injunction.[3] These objections mostly rehash arguments that were correctly rejected by the Magistrate Judge. For

---

[1] R. Doc. 3.
[2] R. Doc. 5.
[3] R. Doc. 8.

example, plaintiff argues that he was denied "equal access" to the toilet facilities where he was confined, and this denial, coupled with the fact that a transgender inmate was allowed to shower in those same facilities alone during that time period, amounts to a violation of plaintiff's constitutional rights under the Fourteenth Amendment.[4]  This objection ignores, as the Magistrate Judge pointed out, that plaintiff was allowed to use another bathroom, that plaintiff was not singled out—all prisoners were told not to use that facility while the inmate was showering, and that there is no federal constitutional right to use the bathroom of one's choice.[5]  Additionally, notwithstanding that plaintiff is arguably not similarly situated to the other inmate, plaintiff is not a member of a protected class, so the different treatment between the two inmates will be upheld if there is a rational basis for that difference.  *Heller v. Doe*, 509 U.S. 312, 320 (1993).  Therefore, as long as there is any reasonably conceivable state of facts that could provide justification (for example, inmate safety) for the differential treatment, it will be upheld.  *Id.*

Plaintiff's other objections reiterate that he was subjected to verbal abuse and retaliatory searches for exercising what plaintiff asserts is

---

[4]   R. Doc. 8 at 2-3.
[5]   R. Doc. 7 at 6.

2

"constitutionally protected" conduct. It is not clear what conduct plaintiff is referring to. If he means to suggest his right to use the bathroom of his choice, as addressed above he is mistaken. If he means to suggest his right to submit grievances and file nonfrivolous lawsuits, then plaintiff has correctly identified a constitutionally protected right, *see, e.g.*, *Richard v. Martin*, 390 Fed. App'x 323, 325-26 (5th Cir. 2010); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), but plaintiff's allegations of retaliation are speculative and conclusory. *See Westbrook v. Treon*, 78 Fed. App'x 970, 972 (5th Cir. 2003); *Moore v. Thaler*, 436 Fed. App'x 311, 312 (5th Cir. 2011). Plaintiff's remaining objections are equally meritless.

Accordingly, IT IS ORDERED that plaintiff's claims against Warden W.S. McCain, *et al.*, are DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order and/or a preliminary injunction is DENIED.

New Orleans, Louisiana, this __3rd__ day of October, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE